IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COURTNEY DAVON ADKINS, TDCJ No. 2075216, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:22-cv-1063-M-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Courtney Davon Adkins, a Texas prisoner, obtained convictions in Dallas County for burglary of a building, aggravated robbery with a deadly weapon, and robbery. *See State v. Adkins*, Nos. F14-16187-J, F15-76857-J, F16-70189-J F16-75194-J, F16-75301-CR (Crim. Dist. Ct. No. 3, Dall. Cnty., Tex. June 19, 2016), *aff'd*, Nos. 05-16-00695-CR, 05-16-00696-CR, 05-16-00697-CR, 05-16-00698-CR, 05-16-00699-CR, 2017 WL 2774450 (Tex. App. – Dallas June 27, 2017, no pet.).

Referencing those convictions, Adkins now moves for habeas relief under 28 U.S.C. § 2241. *See* Dkt. No. 3. Adkins does not collaterally attack the legality of his custody – he instead seeks relief based on his custodial conditions. *See, e.g., id.* at 7 (challenging the Texas Department of Criminal Justice's policy changes in response to the COVID-19 pandemic: "TDCJ shut down all operations and suspended the laws of TDCJ during Corona. I … was confined to a cell for excessive amount of years without proper meals, recreation, showers, access to telephone, clean laundry, commissary, and limited access to an infirmary." (cleaned up)).

Chief Judge Barbara M. G. Lynn referred Adkins's habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

While Adkins, in TDCJ custody pursuant to state criminal judgments, filed his petition under Section 2241, 28 U.S.C. § 2254 "is reserved for habeas petitions on 'behalf of a person in custody pursuant to a judgment of a State court.'" *Hallman v. Waybourn*, No. 4:20-cv-686-O, 2021 WL 1105330, at *1 (N.D. Tex. Feb. 10, 2021) (quoting 28 U.S.C. § 2254(a)). And, "[i]rrespective of the label a petitioner uses, a court must consider a filed habeas petition under the proper statutory framework." *Id.* (citing *Felker v. Turpin*, 518 U.S. 651, 662-65 (1996); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987)). The Court should therefore consider Adkins's habeas petition under Section 2254.

A district court may summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." RULE 4, RULES GOVERNING SECTION 2254 CASES (Habeas Rule 4); *see also Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (observing that Habeas Rule 4 "also appl[ies] to § 2241 habeas cases" (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016).

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district

> court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

Here, the Court may exercise its power to summarily dismiss the Section 2254 application under Habeas Rule 4. Insofar as Butler raises as a basis for his release claims concerning the conditions of his confinement – such as restrictions TDCJ imposed in response to the COVID-19 pandemic – it is settled that habeas "does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *see also id.* ("As we noted in *Carson v. Johnson*, '[i]f "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," ... the proper vehicle is a § 1983 suit.'" (quoting *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (quoting, in turn, *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)))).

**Recommendation**

The Court should dismiss the habeas petition with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 18, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE